UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

STACY BUTLER and
CAROL SOJDA,

                Plaintiffs,

v.                                    **DECISION AND ORDER**
                                           06-CV-772 S

CITY OF BATAVIA, et. al.,

                Defendants.
───────────────────────────────

## I.  INTRODUCTION

Plaintiffs bring a claim under 42 U.S.C. § 1983 against the City of Batavia, Police Chief Sehms, and Police Officers Peck and Zola ("the Batavia Defendants") alleging discrimination and first amendment retaliation.  Plaintiffs bring a state law claim against Defendants Richard Mager, Victoria Mager, Christopher Mager, and Arctic Refrigeration for intentional infliction of emotional distress.  Defendants have filed separate Motions to Dismiss.

For the following reasons, the Batavia Defendants' Motion to Dismiss is granted (Docket No. 28).  This Court declines to exercise supplemental jurisdiction over the remaining state law causes of action for intentional infliction of emotional distress.  The Motions to Dismiss of Victoria and Richard Mager (Docket No. 27) and Christopher Mager and Arctic Refrigeration (Docket No. 29) are therefore denied.

## II.  BACKGROUND

**A.**    **Facts**

Plaintiffs allege that their neighbors, Defendants Richard Mager, Victoria Mager, and Christopher Mager ("The Magers"), and Richard Mager's company Arctic Refirgeration,

have intentionally caused Plaintiffs to suffer emotional distress. (Amended Complaint, Docket No. 26, ¶ 166). Plaintiffs claim that the Magers have instilled fear and anxiety by racing cars past Plaintiffs' home, making obscene gestures toward Plaintiffs, and engaging in other extreme and outrageous conduct directed at Plaintiffs. (Amended Complaint, Docket No. 26, ¶ 166).

Plaintiffs further allege that the Batavia Defendants have failed to respond to Plaintiffs' complaints about the Magers' harassing behavior. (Amended Complaint, Docket No. 26, ¶¶ 155-64). Plaintiffs claim that this failure to respond is (1) discrimination based on Plaintiffs' sexual orientation; and (2) retaliation for Plaintiffs' complaints to police about Christopher Mager—an alleged sex offender—living near a school. (Amended Complaint, Docket No. 26, ¶¶ 155-64).

**B.   Procedural History**

Plaintiffs filed their Amended Complaint on March 9, 2007. (Docket No. 26). On March 22, 2007, Defendants Richard and Victoria Mager filed a Motion to Dismiss contending that Plaintiffs had failed to state a cause of action and that this Court lacked jurisdiction. (Docket No. 27).[1] On March 28, 2007, the Batavia Defendants filed a Motion to Dismiss contending that Plaintiffs had failed to state a cause of action and that Defendants were entitled to qualified immunity. (Docket No. 28).[2] On March 28, 2007,

---

[1] In support of their Motion to Dismiss, Richard and Victoria Mager filed a Memorandum of Law and the Affidavit of Stuart B. Shapiro, Esq. In response, Plaintiffs filed the Declaration of Christina A. Agola, Esq., and a Memorandum of Law.

[2] In Support of their Motion to Dismiss, the Batavia Defendants filed the Affidavit of Robert M. Shaddock, Esq., and a Memorandum of Law. In response, Plaintiffs filed the Declaration of Christina A. Agola, Esq., and a Memorandum of Law. In Reply, the Batavia Defendants filed a Reply Memorandum of Law.

Defendants Christopher Mager and Arctic Refrigeration filed a Motion to Dismiss arguing that Plaintiffs had failed to state a cause of action and that this Court lacked jurisdiction (Docket No. 29).[3]

### III. DISCUSSION AND ANALYSIS

**A.     Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." In determining whether a complaint states a claim, the Court construes the complaint liberally, accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, ___F.3d___, 2008 WL 269100 at *4 (2d Cir. Feb. 1, 2008). While the complaint need not include detailed factual allegations, a plaintiff must show the "grounds of his entitlement to relief." Bell Atlantic Corp. v. Twombly, ___U.S.___,127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., Goldstein, ___F.3d___, 2008 WL 269100 at *4.

---

[3] In support of their Motion to Dismiss, Christopher Mager and Arctic Refrigeration filed the Affidavit of Clark J. Zimmermann, Jr., Esq., and a Memorandum of Law. In response, Plaintiffs filed the Declaration of Christina A. Agola, Esq., and a Memorandum of Law.

**B.     Plaintiffs' Federal Claims**

   **1.     Equal Protection**

Plaintiffs allege that the Batavia Defendants intentionally discriminated against them in violation of their 14th Amendment right to equal protection.  (Amended Complaint, Docket No. 26, ¶¶ 160-64).  Plaintiffs allege that the Batavia Defendants failed to enforce New York State law when Plaintiffs complained about the Magers' behavior, and further, that the Batavia Defendants treated Plaintiffs' complaints differently than complaints from other individuals.  (Amended Complaint, Docket No. 26, ¶¶ 160-64).

The Fourteenth Amendment of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This is "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).  An equal protection claim has two essential elements: (1) that the plaintiff was treated differently than others similarly situated, and (2) that this treatment was motivated by an intent to discriminate on the basis of an impermissible consideration, such as race, religion, or in this case, sexual orientation.  Lovell v. Comsewogue School Dist., 214 F.Supp.2d 319 (E.D.N.Y. 2002) (citing Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir.2000)).

Plaintiffs satisfy the first element of their equal protection claim by alleging that they were treated differently than other similarly situated individuals.  In particular, Plaintiffs allege that Defendants failed to take appropriate action when they complained about a sex offender living near a school in their neighborhood.  (Amended Complaint, Docket No. 26,

¶¶ 50-51). Plaintiffs claim that when a similarly situated heterosexual couple complained about a sex offender living in their neighborhood, Defendant Sehms conducted a "block party" in the neighborhood. (Amended Complaint, Docket No. 26, ¶¶ 50-51). Plaintiffs allege that no similar "block party" was conducted by Defendants in response to their complaints about Christopher Mager, and that this demonstrates they were treated differently than a similarly situated heterosexual couple. (Amended Complaint, Docket No. 26, ¶¶ 50-51). Plaintiffs contend that this is just one instance where the Batavia Defendants treated them less favorably than other similarly situated individuals. (Amended Complaint, Docket No. 26, ¶ 162).

Regarding the second element of Plaintiffs' equal protection claim, however, this Court finds that Plaintiffs have failed to sufficiently allege that Defendants acted with a discriminatory intent. In their second cause of action alleging a violation of equal protection, Plaintiffs generally allege that "The [Batavia Defendants] discriminated against the Plaintiffs as members of an identifiable class and that the discrimination was intentional." (Amended Complaint, Docket No. 26, ¶ 162).

In their Response, Plaintiffs point to two specific allegations that they argue demonstrate the Batavia Defendants' intent to discriminate on the basis of Plaintiffs' sexual orientation: an alleged statement by Defendant Officer Peck that "[the] Magers have made it perfectly clear how they feel about your sexuality," and a traffic stop where Defendant Officers Peck and Zola allegedly asked Plaintiff Sojda about her sexual orientation. (Amended Complaint, Docket No. 26, ¶¶ 100, 114). While these statements demonstrate that the Batavia Defendants were aware of Plaintiffs' sexual orientation and discriminatory conduct by the Magers, they do not demonstrate a discriminatory intent. To overcome a

motion to dismiss, Plaintiffs must "provide the grounds upon which [their] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, ___U.S.___, 127 S.Ct. at 1965). Here, it would be unduly speculative to conclude that Plaintiffs' factual allegations demonstrated that the Batavia Defendants acted with a discriminatory intent. Furthermore, while Plaintiffs have generally alleged that the discrimination was intentional, this too is insufficient. As the Supreme Court has explained "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." Twombly, ___U.S.___, 127 S.Ct. at 1964-65. Because Plaintiffs have failed to make factual allegations that raise a right to relief above the speculative level, this Court must grant the Batavia Defendants' motion to dismiss Plaintiffs' equal protection claim.

### 2. First Amendment Retaliation

In their claim for First Amendment retaliation, Plaintiffs allege that the Batavia Defendants took "adverse actions" against them after Plaintiffs complained that Defendant Christopher Mager, a level II sex offender, was living within 1000 feet of a school. (Amended Complaint, Docket No. 26, ¶¶ 155-59). The Batavia Defendants contend that Plaintiffs have failed to sufficiently allege that the protected speech motivated the adverse conduct, or that there was a chilling effect on Plaintiffs' exercise of free speech. (Batavia Defendants' Mem., pp. 9-12).

To survive Defendants' Motion to Dismiss, Plaintiffs' First Amendment retaliation claim must allege the following three elements: "(1) [Plaintiffs have] an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused

by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001).

The Second Circuit has explained that "[w]hile a bald and uncorroborated allegation of retaliation might prove inadequate to withstand a motion to dismiss, it is sufficient to allege facts from which a retaliatory intent on the part of the defendants reasonably may be inferred." Gagliardi v. Village of Pawling, 18 F.3d 188, 195 (2d Cir. 1994). "Circumstantial evidence of retaliation may be found when defendants are aware that plaintiff has engaged in protected speech and defendants' challenged behavior closely follows that protected speech." Economic Opportunity Com'n of Nassau County, Inc. v. County of Nassau, 106 F.Supp.2d 433, 437 (E.D.N.Y. 2000).

Here, the Batavia Defendants contend that Plaintiff's complaint to police about Christopher Mager could not have motivated the alleged adverse conduct, because that adverse conduct started *before* Plaintiffs complained to police. (Batavia Defendants' Mem., pp. 11). Plaintiffs allege that the Batavia Defendants began ignoring their "persistent complaints" about the Magers' harassing conduct around August 13, 2004. (Amended Complaint, Docket No. 26, ¶¶ 17-19). Plaintiffs' complaint about Christopher Mager living near a school—which they contend motivated the adverse conduct of police ignoring their complaints—did not occur until October 26, 2004. (Amended Complaint, Docket No. 26, ¶¶ 46-48). Because the adverse conduct started *before* the complaint about Christopher Mager, this Court finds that Plaintiffs have failed to demonstrate "the grounds upon which [their] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). The Batavia Defendants' motion to dismiss Plaintiffs' First

7

Amendment retaliation claim is therefore granted.

## C. Plaintiffs' Remaining State Law Claims

The remaining claims in this case are state law claims for intentional infliction of emotional distress against Richard Mager, Victoria Mager, Christopher Mager, and Arctic Refrigeration. The United States Supreme Court has instructed that courts should ordinarily decline to exercise supplemental jurisdiction in the absence of federal claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (noting that in the usual case where all federal claims are eliminated before trial, the relevant factors informing the decision of whether to exercise supplemental jurisdiction will "point towards declining to exercise jurisdiction over the remaining state-law claims"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

The Second Circuit shares this view: where "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); see also Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well.").

The statute of limitations period for Plaintiffs' remaining state law claims will be tolled so long as Plaintiffs refile within 30 days from the date of this decision. See 28 U.S.C. §1367(d); see also Jeffers v. Doe, No. 9:99 CV 335, 2005 WL 2240686, at *7 (N.D.N.Y.

Sep. 13, 2005) (noting that § 1367(d) protects a plaintiff's ability to bring state claims in state court if the federal court dismisses those claims after the expiration of the applicable statute of limitations period). Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

### IV.  CONCLUSION

For the foregoing reasons, the Batavia Defendants' Motion to Dismiss is granted (Docket No. 28). Plaintiffs have failed to adequately allege that the Batavia Defendants acted with a discriminatory intent, or that any adverse conduct was motivated by Plaintiffs' complaint to police regarding Christopher Mager.

This Court declines to exercise supplemental jurisdiction over the remaining state law causes of action. The Motions to Dismiss of Victoria and Richard Mager (Docket No. 27) and Christopher Mager and Arctic Refrigeration (Docket No. 29) are therefore denied as moot.

### V.  ORDERS

IT HEREBY IS ORDERED, that the Batavia Defendants' Motion to Dismiss (Docket No. 28) is GRANTED.

FURTHER, that this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, which are hereby DISMISSED pursuant to 28 U.S.C. §1367(c)(3) without prejudice.

FURTHER, that the Motion to Dismiss of Victoria Mager and Richard Mager (Docket

No. 27) is DENIED as Moot.

FURTHER, that the Motion to Dismiss of Christopher Mager and Arctic Refrigeration (Docket No. 29) is DENIED as Moot.

FURTHER, that the Batavia Defendants' Motion to Amend (Docket No. 33) is DENIED as Moot.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: February 28, 2008
      Buffalo, New York

                                            /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                        United States District Judge